■ GEORGE FIELDS, Appellant, v. DANIEL KRIDLO, Respondent.— Appeal from an order entered on a decision rendered at a Trial Term, Supreme Court, Broome County. In this action for personal injuries in which plaintiff-appellant had a verdict of $20,000, the Trial Judge has set aside the verdict on the ground of excessiveness and ordered a new trial unless plaintiff stipulates to accept $10,000. Plaintiff's taxicab was stopped in the street and was struck a slight blow in the rear by defendant's car, pushing it ahead two feet. There was no damage to either car except a slight dent in plaintiff's rear bumper. Plaintiff testified his neck was snapped forcefully back. He seeks to attribute large physical and economic consequences to this injury. Except for muscle spasm, no objective evidence of injury due to the accident has been demonstrated by any physician. The diagnosis is a somewhat indefinite "strain of" the "cervical spine" or a "severe strain of" the "cervical spine and ligaments of the spine as well as muscles". Plaintiff had a long-standing pre-existing arthritic condition in the area of the cervical spine which had been treated surgically four years before the accident. One physician called by the plaintiff testified that the previous operation was to help a problem of "his cervical spine and cervical nerves because of bony pressure". As to the effect of the injury in this accident the physician testified "it was felt that the injury that his neck sustained caused a stretching and irritation of the cord and nerves". No clear demonstration of this inference of "stretching" except the complaints of plaintiff has been made and the complaints of plaintiff have been shown in the record by at least one physician to be consistent with the history of arthritis.

We agree with the Trial Term that the record does not fairly sustain the attribution to the accident of the large physical consequences claimed by plaintiff and that the verdict is excessive. Order unanimously affirmed, without costs, and the time of plaintiff to accept the condition imposed at Trial Term is extended to 20 days from service of notice of entry of the order in this court. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.